UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

LUIS URENDA-BUSTOS,

                 Plaintiff(s),

   v.

BRIAN WILLIAMS, SR., et al.,

                Defendant(s).

Case No. 2:16-CV-2165 JCM (NJK)

ORDER

Presently before the court is defendants Ira Hollingsworth and Bryan Wilson's (collectively, "defendants") motion for summary judgment. (ECF No. 17). Plaintiff Luis Urenda-Bustos filed a response. (ECF No. 23). Defendants have not replied, and the time for doing so has since passed.

Also before the court is defendants' motion to strike. (ECF No. 24). Plaintiff has not responded, and the time for doing so has since passed.

## I.    Facts

Plaintiff alleges that on September 18, 2013, defendant Foley,[1] a senior correctional officer at Southern Desert Correctional Center ("SDCC"), forcibly put hand restraints on plaintiff that cut off the circulation to plaintiff's hands. (ECF No. 4). Plaintiff alleges that the restraints left indentations and subdermal hematoma bruising on plaintiff's wrist. *Id*.

Plaintiff brought the injuries to the attention of defendant Hollingsworth, a caseworker at SDCC. (ECF No. 4). Defendant Hollingsworth sent plaintiff to see a nurse for medical attention.

---

[1] Foley is a named defendant in plaintiff's complaint and remains a defendant after the screening. (ECF No. 4 & 5). However defendant Foley is not actively involvded in this motion for summary judgment.

*Id*.  Plaintiff asserts that defendant Hollingsworth did not report plaintiff's injury, as required by administrative regulations, in an attempt to cover up Foley's actions.  *Id*.

Plaintiff began the informal grievance process.  (ECF No. 4).  Plaintiff submitted numerous informal grievances, the last of which was rejected on March 17, 2015.  (ECF No. 17).

Foley issued plaintiff a notice of charges of a disciplinary violation due to the nurse's statement that plaintiff's injuries were "self-inflicted."  (ECF No. 4).  On October 1, 2013, a disciplinary hearing was held regarding the charges Officer Foley brought against plaintiff.  (ECF No. 17).  Defendant Wilson, a Sergeant at SDCC, adjudicated the disciplinary hearing.  (ECF No. 4).  Wilson found plaintiff guilty of the charges and reduced plaintiff's custody level.  *Id*.

Pursuant to a screening order (ECF No. 4), in relevant part, plaintiff was permitted to proceed on one count of retaliation against defendants Foley, Hollingsworth, Wilson, and unidentified medical staff.  (ECF No. 17).

## II.     Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the nonmoving party.  *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990).  However, to withstand summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial."  *Id.*

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine

issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a dispute of material fact conclusively in its favor. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.*

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.    Discussion**

Defendants Hollingsworth and Wilson move to strike plaintiff's response to defendants' motion to dismiss as untimely and unauthorized. (ECF No. 23).

Defendants also move for summary judgment as to plaintiff's retaliation claim against them. *Id.* They assert that the court should grant the motion on the basis of lack of personal participation and/or qualified immunity. *Id.*

### a. Motion to strike

District courts have inherent power to control their own dockets. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). Further, district courts have "broad discretion in supervising the pretrial phase of litigation." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendants assert that plaintiff's response to defendants' summary judgment motion is untimely and unauthorized, and that the court should strike the response. (ECF No. 24). Defendants also argue that because this court denied plaintiff's extension request and because plaintiff failed to obtain permission to file the response, the court should now strike plaintiff's response. *Id.*

Here, the court declines to strike plaintiff's response to defendants' motion. Consideration of plaintiff's response in this case promotes the public policy favoring disposition of motions on their merits.

### b. Defendant Hollingsworth

Defendants assert that summary judgement should be granted as to the retaliation claims against Hollingsworth because he did not personally participate in the alleged violations. (ECF No. 17). Plaintiff asserts that the level of participation of Hollingsworth is a disputed material fact that should be left to a jury. (ECF No. 23).

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)

James C. Mahan
U.S. District Judge

Defendants assert that evidence establishes that Hollingsworth was not the employee who brought charges against plaintiff for self-inflicted injuries. (ECF No. 17). Defendants also assert that Hollingsworth arranged for plaintiff to be escorted to the infirmary after plaintiff showed him the marks on his wrists. *Id*.

Plaintiff asserts that Hollingsworth violated his rights by not reporting defendant Foley's alleged act of abuse as required by the Nevada Department of Corrections Administrative Regulation 339.04 after plaintiff informed Hollingsworth of Foley's conduct. (ECF Nos. 4 & 5).

Here, there is no genuine dispute of material fact. The only remaining cause of action against Hollingsworth is retaliation in violation of plaintiff's First Amendment right to file prison grievances and to pursue civil rights litigation in the courts. (ECF No. 4). Plaintiff makes no allegations against Hollingsworth that would support the essential elements of retaliation. The only allegation of wrongdoing plaintiff makes against Hollingsworth is that Hollingsworth did not report the alleged abuse as required by administrative regulations. (ECF Nos. 4 & 5). However, that alleged conduct occurred before plaintiff exercised his First Amendment right to file a grievance. Plaintiff has not alleged facts that would demonstrate that Hollingsworth's actions in failing to report the alleged abuse "chilled" plaintiff's exercise of his First Amendment rights. Therefore, plaintiff has not alleged facts that, if taken as true, would meet essential elements of the cause of action.

The court will grant summary judgment for Hollingsworth on plaintiff's retaliation claim.

*c. Defendant Wilson*

Defendants assert that Wilson is entitled to summary judgment on the basis of qualified immunity and/or for lack of personal participation in the alleged violation. (ECF No. 17). Plaintiff asserts that Wilson's level of participation is a disputed material fact that should be left to a jury. (ECF No. 23).

*i. Qualified immunity*

When a plaintiff brings a claim under 42 U.S.C. § 1983, government officials sued in their individual capacities may raise the affirmative defense of qualified immunity. *See, e.g.*, *Spoklie v. Montana*, 411 F.3d 1051, 1060 (9th Cir. 2005); *Goodman v. Las Vegas Metro. Police Dep't*, 963

F. Supp. 2d 1036, 1058 (D. Nev. 2013).  Qualified immunity protects law enforcement officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly, and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).  "The principles of qualified immunity shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law." *Id.* at 244.  It allows for officials to make reasonable mistakes regarding the lawfulness of their conduct by excusing reasonable mistakes.  *See id.* at 231.

Deciding whether an officer is entitled to qualified immunity is a two-prong inquiry.  First, the court assesses whether the plaintiff has alleged or shown a violation of a constitutional right. *Id.* at 232.  Second, the court decides whether the right at issue was clearly established at the time of the defendant's alleged misconduct.  *Id*.

"The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer in the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

The Supreme Court has instructed that district judges may use their discretion in deciding which qualified immunity prong to address first based on the circumstances of the case at issue. *See Pearson*, 555 U.S. at 236.  Accordingly, the court will turn first to the second prong of the qualified immunity test to determine whether the constitutional right plaintiff claims defendants violated was "clearly established."

"[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: [t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (quoting *Anderson v. Creighton*, 483 U.S. 635,

**James C. Mahan**
**U.S. District Judge**

640 (1987)).  Thus, the dispositive question is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  *Id.*

Defendants argue that qualified immunity should apply to Wilson's disciplinary hearing decision because he was acting in his capacity as a disciplinary hearing officer and made the decision based on staff reports, plaintiff's statement, the statements of witnesses, and other evidence.  (ECF No. 17).  Defendants also assert that nothing about Wilson's conduct in his decision as a hearing officer "suggests that it would have been obvious to a reasonable prison employee that adjudicating the charge would violate [p]laintiff's constitutional rights."  *Id.*

Plaintiff asserts that local governments and their agencies are not protected by the immunities of the Eleventh Amendment.  (ECF No. 23).  Plaintiff also argues that immunities do not apply to prison officials acting in their official capacities.  *Id.*

Plaintiff cites to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), to support his claim that local governments and their agencies are not protected by the immunities of the Eleventh Amendment.  (ECF No. 23).  Plaintiff appears to be asserting that the court in *Monell* held that these immunities should not apply to defendants here.  However, the reference to the application of § 1983 made in *Monell* to "municipalities and other local government units" was referring to city and county government units and officials.  *Monell*, 436 U.S. at 690.  SDCC is a state prison.  Therefore, the holding in *Monell* is inapplicable to this case.  *See id.*

Plaintiff cites to *Hafer v. Melo*, 502 U.S. 21 (1991), to support his assertion that immunities do not apply to prison officials acting in their official capacities.  (ECF No. 23).  However, *Hafer* does not speak to which immunities apply to prison officials.  *See generally Hafer*, 502 U.S. 21.

Plaintiff has not made assertions that it would be clear to a reasonable officer in Wilson's position that adjudicating the charge would violate plaintiff's constitutional rights.  Therefore, the court holds that qualified immunity bars plaintiff's claim against Wilson.  *Harlow*, 457 U.S. at 818.

### ii.  Lack of personal participation

Defendants argue that it was Foley, not Wilson, who charged plaintiff with the violation and that summary judgment should be granted because defendant Wilson did not personally

participate in the alleged constitutional violation. (ECF No. 17). Plaintiff's only response to this challenge is that defendant's level of participation is a matter of disputed material fact that is best left to a jury. (ECF No. 23).

Plaintiff has not presented any issues of material fact that are disputed here. Both parties assert that defendant Wilson's relevant participation was his role in adjudicating the charge in the disciplinary hearing. (ECF Nos. 4, 17, 23).

Because the court finds that Wilson is entitled to qualified immunity and because the court finds that plaintiff has failed to assert sufficient facts in regards to Wilson's conduct and its connection to the alleged violation of plaintiff's First Amendment rights, the court will grant summary judgment in favor of defendant Wilson.

## IV. Conclusion

As defendants are entitled to summary judgment on the basis of qualified immunity and/or lack of personal participation, the court will not address defendants' alternative arguments regarding the timeliness of plaintiff's complaint and whether plaintiff has exhausted administrative remedies.

In sum, the court will grant summary judgment as to the retaliation claim against defendant Hollingsworth. The court finds that defendant Wilson is entitled to qualified immunity and grants summary judgment as to the retaliation claim against him.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion for summary judgment (ECF No. 17) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED that defendants' motion to strike (ECF No. 24) be, and the same hereby is, DENIED.

DATED February 28, 2018.

_____
UNITED STATES DISTRICT JUDGE